Lin v. Whitaker

BIA
Douchy, IJ
A201 138 959

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HOU MING LIN,
> *Petitioner,*

> v.                                              **17-946**
                                                   **NAC**

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Adedayo O. Idowu, New York, NY.

**FOR RESPONDENT:**          Chad A. Readler, Principal
                             Deputy Assistant Attorney
                             General; Kohsei Ugumori, Senior
                             Litigation Counsel; Christin M.
                             Whitacre, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hou Ming Lin, a native and citizen of the People's Republic of China, seeks review of a March 6, 2017, decision of the BIA affirming a June 13, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hou Ming Lin,* No. A201 138 959 (B.I.A. Mar. 6, 2017), *aff'g* No. A201 138 959 (Immig. Ct. N.Y. City June 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76-77 (2d Cir. 2018). For the reasons that follow, we conclude that substantial evidence supports the adverse credibility determination.

First, the agency reasonably relied on an inconsistency between Lin's testimony and application concerning whether he was hospitalized after his release from detention. *Id*. at 163-64. Lin's application stated he was "severely wounded" and hospitalized for "some time," but he testified that he simply saw a doctor at the hospital and was sent home. Because the BIA did not reject this finding, it remains part

3

of the decision under review and provides support for the credibility ruling. *See Ming Xia Chen*, 435 F.3d at 144. This inconsistency is significant because it calls into question Lin's injuries from his most serious allegation of past harm.

Second, the agency properly based the credibility determination on an inconsistency between Lin's testimony and wife's letter about who paid their family planning fine. *Xiu Xia Lin*, 534 F.3d at 163-64. Lin testified that he remembered quite clearly that his mother paid the fine; however, his wife's letter stated that she paid the fine. The agency was not required to credit Lin's competing explanations that he was unsure who paid the fine and that both his wife and mother paid the fine, particularly given his initial statement that he clearly remembered that it was his mother who paid. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Third, the agency reasonably relied on an inconsistency between Lin's testimony and evidence concerning his second

4

child's listing in the household register. *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."). Lin testified that family planning officials listed his second child in the household register only after he was released from detention, the fine was paid, and he returned to the family planning office to beg for his child to be registered; however, Lin testified that the fine was paid on February 12, 2007, and his second child was listed on the household register on February 7, 2007. When confronted with the register, Lin revised his testimony to reflect that his child was registered before the fine was paid. The agency was not required to credit Lin's explanation that he initially could not remember when his second child was registered because Lin's revised testimony sets forth a different sequence of events that calls into question events leading to his alleged detention. *See Majidi*, 430 F.3d at 80; *Shu Wen Sun v. BIA*, 510 F.3d 377, 378, 380-81 (2d Cir. 2007) (upholding adverse credibility determination because, among other things, petitioner provided varying sequences of events following alleged

5

encounter with family planning officials). Lin's argument in this Court—that his revised testimony was consistent with the registration date in the household register—simply ignores his prior inconsistent testimony that his child was not registered until after the fine was paid. This inconsistency is significant because it calls into question whether the birth of Lin's second child was considered a violation of the family planning policy.

Given the foregoing inconsistencies relating to Lin's past harm and whether the birth of his second child was a family planning policy violation, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-67. The adverse credibility determination is dispositive because the claims for asylum, withholding of removal, and CAT relief are all based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Although Lin asserts that the agency failed to consider his documentary evidence, the agency specifically found that the evidence did not rehabilitate his credibility. Lin's brief does not reference any specific evidence or provide any argument as to how the evidence resolves the credibility issues. *See Norton v. Sam's*

6

*Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court